## PEOPLE v. COLLINS.

### Cr. No. 1358; July 9, 1906.

#### 86 Pac. 895.

**Prisoner—Right to Visit Clerk's Office.—A Single Justice of the Supreme Court** has no jurisdiction to grant the application of an attorney, convicted of perjury and confined in the county jail, to visit the clerk's office of the county in charge of an officer, for the purpose of examining the records in the case in order to enable him, while acting as his own attorney, to prepare an appeal to the appellate district court.

George D. Collins was convicted of perjury, and pending the taking of an appeal he applied to a single justice of the supreme court for permission to visit the office of the county clerk for the purpose of examining the papers and records. Application denied.

LORIGAN, J.—This is an application addressed to me, as one of the associate judges of the supreme court, for an order, directed to the sheriff of the city and county of San

Francisco, to permit petitioner, who is in his custody pending appeal from a judgment of conviction for perjury, to visit, in charge of a deputy sheriff, the office of the county clerk of said city for the purpose of examining certain papers and records therein.

The application sets forth that the petitioner was convicted and sentenced, and that he has appealed from the judgment to the district court of appeals for the first appellate district, where such appeal is now pending; that a bill of exceptions on said appeal was presented, settled, certified, and filed; that in settling the same the judge of the superior court before which he was tried refused to allow a large number of important and substantial exceptions to be incorporated therein in accordance with the facts; that petitioner desires to apply to the supreme court of this state, under section 1174 of the Penal Code, to prove said exceptions; that the original bill is on file in the county clerk's office, and that to prepare his petition to the supreme court it will be necessary for him (acting as his own attorney) to inspect the same and the other records and papers in the case; that he has applied to the trial judge for permission to visit the county clerk's office for that purpose, which was denied him; hence this application.

I am not advised of any provision of law which confers upon an associate justice of the supreme court any authority to entertain or grant an application of this character. If it exists it rests in the supreme court as a court, and is not reposed in the individual justices constituting that tribunal.

It may also be suggested in this connection that, as the appeal of petitioner from the judgment of conviction to which his bill of exception pertains is pending in the district court of appeal for the first appellate district, that tribunal would appear to be, at least in the first instance, after refusal by the trial judge, the proper one, as matter of procedure, in which to make this application. I do not pass at all upon the merits of the application of petitioner, concluding, as I do, that, as an associate justice, I have no authority to entertain the petition. For that reason, let it be dismissed.